IGNACIA S. MORENO
Assistant Attorney General
DAVID L. DAIN, Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C.  20044-7611
Telephone:  (202) 514-3644

James A. McDevitt
United States Attorney
Pamela J. DeRusha
Assistant U.S. Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA  99210-1494
(509) 353-2767
Attorneys for the United States of America, Plaintiff


IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF WASHINGTON

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. CV-10-3025-EFS |
| | ) | |
| WASHINGTON BEEF, LLC, | ) | |
| | ) | CONSENT DECREE |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
_____ _____)

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

# Table of Contents

INTRODUCTION ............................................................................................ 3

I.     DEFINITIONS .................................................................................. 4

II.    CIVIL PENALTY .............................................................................. 4

III.   INJUNCTIVE RELIEF ...................................................................... 5

IV.    GENERAL PROVISIONS ................................................................ 6

V.     EFFECT OF DECREE ..................................................................... 14

VI.    STIPULATED PENALTIES ............................................................ 16

VII.   DISPUTE RESOLUTION................................................................ 20

VIII.  FORCE MAJEURE .......................................................................... 23

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

# INTRODUCTION

A.      Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Washington Beef, LLC ("Washington Beef" or "Defendant") has violated Section 301(a) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1311(a), in relation to its National Pollutant Discharge Elimination System ("NPDES") permit.

B.      Whereas, the violations alleged in the Complaint include claims that Defendant violated the effluent limitations of its NPDES permit and that it discharged pollutants without a permit.

C.      Whereas, Defendant neither admits nor denies the allegations in the Complaint and nothing in this Decree shall constitute or be construed as an admission of liability, fact or law, or of any wrongdoing on the part of Defendant.

D.      Whereas, the United States and Defendant have consented to the entry of this Decree without trial on any of the issues.

E.      Whereas, these parties recognize, and this Court finds by entering this Consent Decree, that the United States and Defendant have negotiated this Consent Decree in good faith, that implementation of the Consent Decree will avoid prolonged and complicated litigation between these parties, and that it is fair, reasonable, and in the public interest;

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

NOW, THEREFORE, before the taking of any testimony, upon the pleadings, without adjudication or admission of any issue of fact or law and upon consent and agreement of the parties, it is hereby ORDERED, DECREED, and ADJUDGED as follows:

## I.    DEFINITIONS

Except as specifically provided in this Decree, definitions for the terms used in this Decree shall be incorporated from the Clean Water Act and the regulations promulgated pursuant to that Act.

"Facility" means the Washington Beef LLC slaughterhouse and appurtenant facilities and lands in Toppenish, Washington.

The "2010 Permit" refers to NPDES permit No. WA-005020-2 issued to Washington Beef LLC, which became effective on February 1, 2010, authorizing discharges from the Facility to the Wanity Slough and the Spencer Lateral.  That permit contains three new effluent limitations (total nitrogen, dissolved oxygen and turbidity) that were not in the previous NPDES permit for the Facility.

## II.    CIVIL PENALTY

1.    <u>Civil Penalty</u> .  Within 30 days after entry of this Decree, Defendant shall pay a civil penalty of SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000).

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

2.    <u>United States' Costs of Suit</u>.  The United States agrees that it shall not seek to recover from Defendant its costs and attorneys' fees incurred prior to entry of the Decree in this action or in anticipation of this action.

3.    <u>Method of Payment</u>.  The $750,000 penalty shall be made payable to the "Treasurer of the United States" by Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice lock box bank, referencing DOJ # 90-5-1-1-09414 and the USAO File Number 2010V00044.  A confirmation of such transfer shall be forwarded to the United States at the addresses specified in Paragraph 18 (Notification).

4.    Failure to timely pay the civil penalty shall subject Washington Beef to interest accruing from the date payment is due until the date payment is made at the rate prescribed by 28 U.S.C. § 1961, and shall render Washington Beef liable for all charges, costs, fees, and penalties established by law for the benefit of a creditor or of the United States in securing payment.

### III.    INJUNCTIVE RELIEF

5.    Defendant shall upgrade its existing wastewater treatment facility to include, but not be limited to (1) a chlorination and dechlorination system, (2) an addition to the ultraviolet disinfection system, (3) a new dissolved air flotation device to replace an existing smaller dissolved air flotation device, (4) a disk filtration system, and (5) a second sequential batch reactor.  A description of these

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

new elements of the wastewater treatment plant is set out in Attachment A to this Decree.  Defendant shall complete these upgrades and have them operational no later than December 31, 2011.

6.      Within 30 days of completion, installation and startup of all of the upgrades set out in Attachment A, Defendant shall notify EPA in writing that the work has been completed and that the upgraded treatment plant is fully operational and in use.  Defendant shall send that notice to:

> Steven Potokar
> EPA Region 10
> 1200 Sixth Ave., Suite 900
> Mail Stop OCE-133
> Seattle, Washington   98101

## IV.    GENERAL PROVISIONS

7.      <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 33 U.S.C. § 1319 and 28 U.S.C. §§ 1331, 1345 and 1355.  The complaint states a claim upon which relief may be granted under 33 U.S.C. § 1319. Venue is proper under 28 U.S.C. § 1391(b) and (c).  For purposes of the Decree, Defendant consents to and will not contest the jurisdiction of this Court over this matter. The Court shall retain jurisdiction to enforce the terms and conditions of this Decree, to resolve disputes arising hereunder and for such other action as may be necessary or appropriate for construction or execution of the Decree.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

8.     <u>Parties Bound</u>.  In accordance with the provisions of Federal Rule of Civil Procedure 65, the provisions of this Decree shall apply to and be binding upon the United States and Defendant.

9.     <u>Defendant's Responsibility</u>.  In any action to enforce this Decree, Defendant shall not assert as a defense the failure of its officers, directors, agents, trustees, servants, employees, successors, assigns and contractors to take actions necessary to comply with this Decree unless Defendant establishes that the failure resulted from a Force Majeure event as defined in Section VIII (Force Majeure).

10.     <u>No Warranty by the United States</u>. The United States does not, by its consent to entry of this Decree, warrant or aver in any manner that Defendant's compliance with this Decree will result in compliance with the provisions of applicable federal or state laws, regulations, or permit conditions. Notwithstanding the Plaintiff's review and approval of any data, reports or plans formulated pursuant to this Decree, Defendant shall remain solely responsible for compliance with this Decree, the Clean Water Act, any Permit, and any other applicable state, federal, or local law or regulation.

11.     <u>Final Judgment</u>.  Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment between and among the United States and Defendant.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

12.    <u>Purpose of Decree</u>.  It is the express purpose of the parties in entering into this Consent Decree to further the goals of the Clean Water Act.  All obligations under this Decree shall be interpreted in a manner consistent with causing Defendant to maintain compliance with the Act, its NPDES Permit and all applicable regulations at all times.

13.    <u>Right of Entry</u>.  The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Facility covered by this Consent Decree at all reasonable times upon presentation of credentials to allow such representatives to:

A. Monitor the progress of activities required under this Consent Decree;

B. Verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

C. Obtain samples and, upon request, split of any samples taken by Washington Beef or its representatives, contractors, or consultants; and

D. Assess Washington Beef's compliance with this Consent Decree.

14.    <u>No Limitation on Other Rights of Entry or Information Gathering</u>. Nothing in Paragraph 13 (Right of Entry) or any other provision of this Decree shall be construed to limit any statutory right of entry or access or other information gathering authority pursuant to any federal, state, or local law.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

15.   <u>Preservation of Records</u>.  In addition to complying with any other applicable local, state, or federal records preservation requirements, until one calendar year after termination of this Decree, Defendant shall preserve at least one legible copy of all final plans, final drawings, final contracts, schedules, and construction progress reports ("Performance Documents") in its possession, custody, or control that relate to the performance of Defendant's obligations under this Decree. Within 30 days of retaining or employing any agent, consultant, or contractor for the purpose of carrying out the terms of this Decree, Defendant shall enter into an agreement with any such agent, consultant, or contractor requiring such person to provide Defendant a copy of Performance Documents prepared by such agent, consultant or contractor.  This requirement does not extend to documents that are privileged pursuant to the law of attorney/client privilege and/or attorney work product.

16.   <u>Authority to Sign Decree</u>.  The undersigned representative of Defendant certifies that he or she is authorized to enter into this Decree and to execute and legally bind Defendant to the terms and conditions of this Decree and meets the requirements for authorized signatory found in 40 C.F.R. § 122.22.

17.   <u>Designation of Agent for Service</u>.  Defendant shall identify on the attached signature page the name and address of an agent who is authorized to

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

accept service of process by mail on Defendant's behalf with respect to all matters arising under or relating to this Decree.

18.   Notification.

A.   When written notification or communication is required by the terms of this Decree, such notification or communication shall be addressed to the following individuals at the addresses specified below (or to such other addresses as may be designated by written notice to the parties):

As to the United States:

David Dain
Environmental Enforcement Section
Environment & Natural Resources Div.
U.S. Department of Justice
Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Reference Case No. 90-5-1-1-09414

Pamela J. DeRusha
Assistant United States Attorney
Eastern District of Washington
P.O. Box 1494
Spokane, Washington   99210
(509) 353-2767

Mark Ryan
U.S. EPA, Region 10
1435 N. Orchard St.
Boise, Idaho 83706
ryan.mark@epa.gov
(208) 378-5768

James J. Vinch
Attorney-Advisor
U.S. EPA, OECA/ORE/WED
Ariel Rios Building South
1200 Pennsylvania Ave. NW
Mailstop 2243A
Washington, D.C. 20460
(202) 564-1256
Vinch.james@epa.gov

As to Defendant:
Bradley A. McDowell
Washington Beef, LLC
 201 Elmwood Road
Toppenish, WA  98948
(509) 865-2121
Brad.mcdowell@wabeef.com

Parthenia B. Evans
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
pevans@stinson.com
(816) 691-3127

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

B.      Notifications to or communications with Defendant or the United States pursuant to this paragraph shall be deemed submitted on the date they are postmarked and sent by certified mail, return receipt requested.

19.     <u>Certification of Reports and Submissions</u>.  Except as otherwise expressly provided in this Decree, any report or other document submitted by Defendant pursuant to this Decree which makes any representation concerning compliance or noncompliance with any requirement of this Decree shall be certified by a Responsible Officer of Defendant.  The certification shall be in the following form:

> I certify that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to evaluate the information submitted.  I certify that the information contained in or accompanying this submittal is true, accurate, and complete.  As to those identified portion(s) of this submittal for which I cannot personally verify the accuracy, I certify that this submittal and all attachments were prepared in accordance with procedures designed to ensure that qualified personnel properly gathered and evaluated the information submitted.  Based on my inquiry of the person or persons who manage the system, or those directly responsible for gathering the information, or the immediate supervisor of such person(s), the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Signature: _____

Name: _____

Title: _____

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

Date: _____

20.     Entire Agreement.  This Decree is the final, complete, and exclusive agreement between the Parties.  The Parties acknowledge that there are no inducements, promises, representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree.

21.     Modification.  The deadlines set forth in Paragraph 4 of this Decree may be modified by this Court in accordance with Section VII (Dispute Resolution) or by written agreement of the parties and notification to the Court. Modifications by agreement of the parties shall be effective 10 days after the date the notice is filed with the Court unless otherwise ordered by the Court.  With respect to all other provisions of this Decree, except as expressly provided in Section VII (Dispute Resolution), there shall be no modification of this Decree without written agreement of all the parties to this Decree and approval by the Court. Unanticipated or increased costs or expenses associated with the implementation of actions called for by this Decree and economic hardship or changed financial circumstances shall not serve as a basis for modifications of this Decree.

22.     Public Notice.  The parties acknowledge and agree that the final approval and entry of this Decree is subject to the requirements of 28 C.F.R. § 50.7, which provides that notice of proposed consent decrees be given to the

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

public and that the public shall have at least 30 days in which to make any comments. The United States may withhold or withdraw its consent to this Decree based on such comments.

23.     Agreement to Entry of Decree.  Defendant hereby agrees not to oppose entry of this Decree by this Court or to challenge any provision of this Decree.

24.     Termination of Decree.

A.     No sooner than four (4) years after entry of this Decree, Defendant may request the United States' consent to termination of this Decree.  In seeking such consent, Defendant shall demonstrate that:

i.      Defendant has paid all monies, civil penalties, interest, and stipulated penalties due under this Decree;

ii.     As of the date Defendant provides any notice or request to terminate this Decree, EPA has not provided Defendant with any Notice of Dispute invoking the Dispute Resolution provisions of this Decree, and there are no unresolved matters subject to dispute resolution pursuant to Section VII (Dispute Resolution);

iii.    No enforcement action under this Decree is pending; and

iv.     Defendant has been in compliance with paragraphs 3, 5 and 29 of this Consent Decree for a period of at least two years.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

B.    The United States shall notify Defendant in writing within 30 days of receiving any request to terminate by Defendant whether the United States does or does not object to the request. If the United States provides notice that it does not object, then the parties shall jointly file a motion to terminate with the Court.  If the United States objects to such request, the parties will work together for a period of at least 30 days in an effort to informally resolve any disputes.  The Decree shall remain in effect pending resolution of the dispute by the parties, or, ultimately, the Court.

C.    The Court may terminate this Decree 60 days after Defendant has filed with the Court a motion to terminate the Decree and served a copy of that motion upon the United States, so long as either (1) Defendant's motion to terminate the Decree is accompanied by a true and correct copy of the United States' notice that it does not object to the termination or (2) Defendant prevails in any motion it files to terminate the decree.

D.    Any dispute involving Defendant's right to terminate the Decree shall not be subject to the dispute resolution process of Section VII.

## V.    EFFECT OF DECREE

25.    <u>Covenants Not to Sue by United States</u> .  This Consent Decree resolves the civil claims of the United States against Defendant for the violations

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

alleged in the Complaint filed in this action through the date of lodging of the Consent Decree.

26.    <u>No Effect on Third Parties</u>.  This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

27.    <u>United States' Reservations of Rights</u>.  The United States reserves all legal and equitable remedies available to enforce this Consent Decree, except as expressly stated in paragraph 25 (Covenants Not to Sue by United States).  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or its implementing regulations, or under other federal or State laws, regulations, or permit conditions, except as expressly specified in Paragraph 25.

28.    <u>Not a Permit Modification</u>.  This Decree is neither a permit nor a modification of existing permits under any federal, state, or local law, and in no way relieves Defendant of its responsibilities to comply with all applicable federal, state, and local laws and regulations.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

# VI.    STIPULATED PENALTIES

29.    <u>Stipulated Penalty Amounts</u>.

A.    Defendant shall pay stipulated penalties for effluent limit violations of its NPDES permit as follows:

| Violation | Penalty Per Violation |
|---|---|
| Daily Max Effluent Limit | $500 (for first nine violations each month) |
| Daily Max Effluent Limit | $1000 (for 10+ violations each month) |
| Monthly Avg. Effl. Limit | $4,500 |

These stipulated penalties shall apply to all parameters in the 2010 NPDES permit.  Stipulated penalties shall not apply until January 1, 2012 to violations of the 2010 Permit for the following three effluent limits: (1) total nitrogen, (2) dissolved oxygen, and (3) turbidity.

Further, these stipulated penalties shall not apply to any NPDES permit effluent limit violations during the sixty (60) day period following the initial start-up date of Defendant's wastewater treatment facility upgrade.  This sixty (60) day stipulated penalty waiver period is conditioned on Defendant providing written notice, pursuant to paragraph 18 of this Consent Decree, of the proposed initial start-up date, within seven (7) days prior to the initial start-up date.  For purposes of this paragraph, Defendant is entitled to one start-up date.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

B.      Defendant shall pay stipulated penalties for its failure to install and have operational by December 31, 2011 the five pieces of equipment listed in paragraph 5 (Injunctive Relief).  For each day after December 31, 2011 in which Defendant has failed to install and have operational the listed equipment, it shall pay a stipulated penalty in the amount of $1,000 per day for each piece of equipment that is not installed and operational.

30.      <u>Payment of Stipulated Penalties</u>.

A.      All penalties owed to the United States under this Section shall be due and payable within 30 days of Defendant's receipt from the United States of a demand for payment of the penalties, unless Defendant invokes the procedures under Section VII (Dispute Resolution).  Defendant shall forward the amount due by Electronic Funds Transfer ("EFT") to the United States Department of Justice lockbox bank referencing DOJ case number 90-5-1-1-09414 and the United States Attorney General's Office file number 2010V00044 in accordance with instructions provided by the United States upon entry of this Decree.  Any EFTs received at the United States Department of Justice lockbox bank after 2:00 p.m. (Eastern Time) will be credited on the next business day.  After payment, Defendant shall mail a cover letter specifying the amount and date of payment, civil docket number and reason for payment, to the United States in accordance with Paragraph 18 (Notification).

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

B.      Defendant may request, in writing, that the United States waive stipulated penalties which have accrued pursuant to Paragraph 29.  The United States may, in its sole discretion, waive such claims.

31.      Accrual of Stipulated Penalties.  Stipulated penalties shall begin to accrue on the day after performance is due or on the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Decree. Stipulated penalties shall accrue regardless of whether the United States has notified Defendant of a violation.

32.      No Effect on Obligation to Comply.  The payment of penalties shall not alter in any way Defendant's obligation to comply with the requirements of this Decree.

33.      Effect of Dispute Resolution.  Penalties shall continue to accrue during any dispute resolution period, but need not be paid until the following:

A.      If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, Defendant shall pay accrued penalties determined to be owing to the United States within 15 days of the agreement or the receipt of EPA's decision or order;

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

B.    If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owed within 30 days of receipt of the Court's decision or order, except as provided in subparagraph (c) of this Paragraph;

C.    If the Court's decision is appealed by any party, Defendant shall pay all accrued penalties determined by the District Court to be owing into an interest-bearing escrow account within 30 days of receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every 30 days. Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to the United States or to Defendant to the extent that they prevail.

34.    <u>Interest on Late Payment</u>.  If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

35.    <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Decree.  The United States expressly reserves the right to seek any other relief it deems appropriate, including but not

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

limited to, action for statutory penalties, contempt, or injunctive relief against Defendant. However, the amount of any statutory penalty assessed for a violation of this Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Decree for the same violation.

## VII.   DISPUTE RESOLUTION

36.   <u>Exclusive Remedy</u>.  Unless otherwise expressly provided for in this Decree, the Dispute Resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under this Decree. However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of Defendant that have not been disputed in accordance with this Section.

37.   <u>Informal Dispute Resolution</u>.  Any dispute subject to dispute resolution under this Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen on the day Defendant hand delivers the United States a written Notice of Dispute or on the day following delivery by overnight courier, or three days following delivery by U.S. Mail. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 60 days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

considered binding unless, within 45 days after the conclusion of the informal

negotiation period, Defendant invokes formal dispute resolution procedures set

forth in Paragraph 38 (Formal Dispute Resolution).

38.    <u>Formal Dispute Resolution</u>.

A.    Within 45 days after the conclusion of the informal negotiation

period, Defendant may invoke formal dispute resolution procedures by serving on

the United States a written Statement of Position regarding the matter in dispute.

The Statement of Position shall include, but may not be limited to, any factual data,

analysis, or opinion supporting Defendant's position and any supporting

documentation relied upon by Defendant.

B.    The United States shall serve its Statement of Position within 45 days

of receipt of Defendant's Statement of Position. The United States' Statement of

Position shall include, but may not be limited to, any factual data, analysis, or

opinion supporting that position and all supporting document relied upon by the

United States.  The United States' Statement of Position shall be binding on

Defendant unless Defendant files a motion for judicial review of the dispute in

accordance with Paragraph 39 (Petitions to the Court).

39.    <u>Petitions to the Court</u>.  In the event that the parties cannot resolve a

dispute by negotiations as set forth above, the following procedures shall control:

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

A.    Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion shall be filed within 45 days of receipt of the United States' Statement of Position set forth in Paragraph 38 (Formal Dispute Resolution). The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of this Decree.

B.    The United States shall respond to Defendant's motion within 45 days of receipt of the motion, unless the parties stipulate otherwise.

C.    Defendant may file a reply memorandum within 30 days of receipt of the United States' response.

D.    In any dispute under this Paragraph, Defendant shall bear the burden of demonstrating that its position complies with this Decree and the Clean Water Act and that Defendant is entitled to relief under applicable law.  The United States reserves the right to argue that its position is reviewable only on the administrative record and shall be upheld unless arbitrary and capricious or otherwise not in accordance with law.  For purposes of this Decree, the administrative record shall comprise the Statements of Position exchanged by the Parties pursuant to Paragraph 38 (Formal Dispute Resolution), including any documents attached to or

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

incorporated by reference in those Statements.  Defendant reserves the right to argue that its position is based on a reasonable interpretation of a statute, regulation, or permit, or a reasonable interpretation of this Decree and that the United States' litigation position is not entitled to any deference.

40.    <u>Effect on Other Obligations</u>.  The invocation of formal dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Defendant under this Decree not directly in dispute, unless the United States agrees in writing or the Court orders otherwise.

41.    <u>Computation of Time</u>.  The computation of any period of time set forth in this Section VII shall be governed by Rule 6 of the Federal Rules of Civil Procedure.

## VIII.  FORCE MAJEURE

42.    <u>Definition of Force Majeure</u>.  A "force majeure event" is any event beyond the control of Defendant, its contractors, or any entity controlled by Defendant that delays the performance of any obligation under this Decree despite Defendant's best efforts to fulfill the obligation.  "Best efforts" includes anticipating any potential force majeure event and addressing the effects of any such event (a) as it is occurring and (b) after it has occurred, to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Defendant's financial inability to perform any obligation under this

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

Decree.  Failure to apply for a required permit or approval or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Decree, or failure of Defendant to approve contracts shall not, in any event, be considered Force Majeure events.

43.    <u>Required Notification for Force Majeure</u>.  Defendant shall notify the United States orally and by electronic or facsimile transmission as soon as possible, but not later than 72 hours after the time Defendant first knew of, or in the exercise of reasonable diligence under the circumstances should have known of, any event which might constitute a Force Majeure event. Defendant shall make the oral notification required by this Paragraph by calling Steven Potokar at 206-553-6354 and sending him a message by electronic mail at pollins.mark@epa.gov. If Mr. Potokar is not available by telephone, Defendant may satisfy the telephone notice requirement by leaving a message for Mr. Potokar stating that Defendant had called to notify him pursuant to this Paragraph. The United States may designate an alternative representative to receive oral notification at its discretion by sending Defendant a written designation in accordance with Paragraph 18 (Notification). The written notice Defendant submits pursuant to this Paragraph shall indicate whether Defendant claims that the delay should be excused due to a Force Majeure event. The notice shall describe in detail the basis for Defendant's contention that it experienced a Force Majeure delay, the anticipated length of the

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

delay, the precise cause or causes of the delay, the measures taken or to be taken to prevent or minimize the delay, and the timetable by which those measures will be implemented. Defendant shall adopt all reasonable measures to avoid or minimize such delay. Failure to so notify the United States shall render this Section VIII (Force Majeure) void and of no effect as to the event in question, and shall be a waiver of Defendant's right to obtain an extension of time for its obligations based on such event.

44.    Procedures for Extension.  If the United States finds that a delay in performance is, or was, caused by a Force Majeure event, the United States shall extend the time for performance, in writing, for a period to compensate for the delay resulting from such event, and stipulated penalties shall not be due for such a period.  In proceedings on any dispute regarding a delay in performance, the dispute resolution provisions of Section VII (Dispute Resolution) shall apply, and Defendant shall have the burden of proving that the delay is, or was, caused by a Force Majeure event and that the amount of additional time requested is necessary to compensate for that event.

45.    Effect on Other Obligations.  Compliance with a requirement of this Decree shall not by itself constitute compliance with any other requirement. An extension of one compliance date based on a particular event shall not automatically extend any other compliance date.  Defendant shall make an

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

individual showing of proof regarding the cause of each delayed incremental step

or other requirement for which an extension is sought.

DATED THIS 3rd  DAY OF August, 2010


  s/ Edward F. Shea

EDWARD F. SHEA

UNITED STATES DISTRICT JUDGE

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

ATTACHMENT A

1. **Chlorination and Dechlorination System.**  Chlorination facilities will be added at the point of discharge from the existing sequential batch reactor. Dechlorination facilities will be added at the discharge from the SBR surge basin to allow for ample contact time.  Both the chlorination and dechlorination systems have duplicate pumps for redundancy.   De-Chlorination will occur in the Weir chamber prior to the UV light system. Because these chlorination and dechlorination facilities are standby facilities that would only be used in periods of biological upset, the controls are manual.

2. **Disinfection Facilities.**  Additional ultra violet light disinfection will be added to double the capacity of the existing disinfection system by adding two additional banks of UV Lights to the existing disinfection channel. Each of the two new banks will consist of seven modules with six lamps per module. The UV dosage produced by this new system is expected to be 52,644 Ws/cm2 (microwatt.sec/cm2) and will thus slightly more than double the existing 52,200 Ws/cm2 in the current system.  Flow will split between the two systems allowing for best UV light penetration of the effluent. A serpentine weir will be used to control flow through both sides of the UV system.

3. **Dissolved Air Floatation System (DAF).**  The DAF currently located after the existing SBR will be removed and a larger DAF having 92 Sq ft of surface area and 2,986 Sq ft of plate surface area will be installed following the SBR's until such time that the SBR's are fully on-line and then it will be moved to the headworks to work in combination with two other existing DAF units.

4. **Disk Filtration System.** A single disk filter unit having four removable disks (three used and one spare disk) of fixed disk design meeting Title 22 requirements will be used to filter the wastewater prior to entering the UV system. Water meeting Title 22 is eligible for use consideration as Class A water re-use.

5. **Sequential Batch Reactor (SBR).**  The SBR will have a circular tank, 90 feet in diameter with a 20 foot water depth for a total capacity of 951,700 gallons.  The new SBR will work in parallel with the existing SBR.  Flows

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF

will be split between the new and existing SBRs.  The new SBR will use high efficiency blowers with fine air bubble diffusers located at the bottom of the tank.  The existing SBR will be retro-fitted with this diffuser equipment.

CONSENT DECREE BETWEEN UNITED STATES
AND WASHINGTON BEEF